UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| CEDRIC BELL, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 1:19-CV-172 JAR |
| CASEY CLAYTON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Cedric Bell for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued against the defendants in their individual capacities.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an application to proceed in the district court without prepaying fees or costs. Where the form application states that an inmate must submit a certified prison account statement with the application, plaintiff wrote: "Refuse by D.C.J.C." The Court interprets this to mean that the institution where plaintiff is being detained, Dunklin County Justice Center, has refused to provide an account statement. In his form application, however, plaintiff states that he has no money in cash or in any checking or savings account. ECF No. 2 at 2. Taking this into consideration, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

## The Complaint

Plaintiff, a pretrial detainee at the Dunklin County Justice Center ("DCJC"), filed this action under 42 U.S.C. § 1983, alleging violations of his civil rights against three employees at DCJC: (1) Casey Clayton (supervisor correctional officer); (2) Connor Bishop (correctional officer); and (3) Ruby Unknown (correctional officer). Plaintiff names all three defendants in their individual capacities only.

Plaintiff's complaint is based on an incident of alleged excessive force by defendants. The statement of his claim is as follows:

> On Sept. 9, 2019, I, Cedric Bell #15329 was handcuffed in cell #125 when c/o Connor Bishop rush[ed] me into the wall, then with evil motives start[ed] choking me. Then Supervisor Casey Clayton instead of interven[ing to] stop[] c/o Connor he deployed his taser and dry-stunned tazed me in the neck and c/o Ruby (unknown last name) came over and place[d] another taser to my leg. I [received a] laceration to my left wrist and pain to my chest. These officers by [doing] this violated my 4th amendment of the Constitution.

ECF No. 1 at 3. Plaintiff summarizes his injuries as "laceration to the left wrist, chest pain, and pain suffering." *Id.* at 5. For relief, plaintiff seeks money damages totaling $45,000.

- 3 -

## Discussion

Plaintiff alleges that defendants violated his Fourth Amendment rights by using excessive force against him. Generally, the Fourth Amendment to the Constitution protects people from unreasonable searches and seizures, and requires probable cause in order for a warrant to issue. U.S. CONST. amend. IV. This includes protection against the use of excessive force at the time of arrest. "The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2008); *see also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"). In this case, plaintiff complains about the use of excessive force by correctional officers during pretrial detention, invoking his rights under the Fourteenth Amendment's Due Process Clause.[1]

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from "the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). In order to prevail on an excessive force claim, plaintiff must show that a defendant purposely or knowingly used objectively unreasonable force. *Id.* "Whether the application of force is unreasonable turns on the facts and circumstances of each particular case." *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017) (internal quotations and citations omitted). "Factors relevant to assessing the objective reasonableness of force used by officers include: the relationship between the need for

---

[1] *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) ("Our cases have not resolved the question whether the Fourth Amendment continues to provide individuals with protection against the deliberate use of excessive physical force beyond the point at which arrest ends and pretrial detention begins, and we do not attempt to answer that question today. It is clear, however, that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment."); *Davis v. White*, 794 F.3d 1008, 1011-12 (8th Cir. 2015) ("The [Supreme] Court has not decided whether the Fourth Amendment applies to claims by detainees in custody." (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2479 (Alito, J., dissenting) (2015))).

the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* (citing *Kingsley*, 135 S. Ct. at 2473).

Here, plaintiff alleges that while he was handcuffed, defendant correctional officer Connor Bishop pushed him into a wall and choked him, correctional officer Casey Clayton tased him on the neck, and correctional officer Ruby Unknown tased him in the leg. Plaintiff claims that defendant Bishop had evil motives during the attack. Although plaintiff does not go into detail on the injuries resulting from the incident, he asserts that he received a laceration to his wrist, he experienced chest pain, and other suffering. These injuries could constitute more than *de minimis* injuries. *See Davis v. White*, 794 F.3d 1008, 1012 (collecting cases finding more than *de minimis* injuries in excessive force claims). In addition, defendants' actions of pushing, choking, and tasering were deliberate. *See Kingsley*, 135 S. Ct. at 2472 ("if the use of force is deliberate—*i.e.,* purposeful or knowing—the pretrial detainee's claim may proceed.") Finally, the allegation that this use of force occurred after plaintiff was already restrained by handcuffs, is enough to survive initial review as to being "objectively unreasonable" force. *See Brown v. City of Golden Valley*, 574 F.3d 491, 498 (8th Cir. 2009) (finding a genuine issue of material fact existed as to whether force was unreasonable when officer tased a suspect who was a minimal safety threat and not actively resisting.) Having carefully reviewed and liberally construed plaintiff's pleading, the Court finds that, at this initial stage of the proceeding, plaintiff has stated an actionable claim against defendants Casey Clayton, Connor Bishop, and Ruby Unknown for excessive force. The Court will direct that process be issued against these defendants in their individual capacities.

## Appointment of Counsel

Finally, plaintiff's motion for appointment of counsel will be denied without prejudice to refiling at a later time. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved in plaintiff's case are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs [ECF No. 2] is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Casey Clayton, Connor Bishop, and Ruby Unknown, in their individual capacities.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice**.

Dated this 10th day of January, 2020.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE