**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| CEDRIC BELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 1:19-CV-172 JAR |
| | ) |
| CASEY CLAYTON, et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Review of the record indicates that defendant Casey Clayton has not been served with process.

Plaintiff commenced this action in this Court on September 30, 2019, and the Court directed the Clerk to issue process on the complaint as to three defendants on January 10, 2020. Defendant Rubi Lopez was served and filed an answer. ECF Nos. 9, 13. However, the summonses for defendants Connor Bishop and Casey Clayton were returned unexecuted because they were no longer employed by Dunklin County. ECF Nos. 11-12. At the request of the Court, defense counsel for Rubi Lopez filed the last known addresses under seal for defendants Bishop and Clayton. ECF Nos. 14-15. The Court then directed the Clerk of Court to effectuate service of process through the U.S. Marshals Office upon defendants Bishop and Clayton at the addresses provided under seal. ECF No. 16. On July 16, 2020, the summons for defendant Casey Clayton was again returned unexecuted with the notation: "Returned, unable to deliver to address." ECF No. 21 at 1.

There is no dispute that plaintiff has sufficiently identified defendant Casey Clayton.  The only issue is his current whereabouts.  The Court ordered defense counsel to supply defendant Clayton's last-known contact information, so that the United States Marshals could attempt to locate her.  *See Beyer v. Pulaski Cnty. Jail*, 589 F. App'x 798, 799 (8th Cir. 2014) (per curiam).  The information provided to the Court shows the investigative efforts the United States Marshals undertook in an effort to locate defendant Clayton.  The Court finds that the United States Marshals made reasonable efforts to locate defendant Clayton and, despite those efforts, were unsuccessful.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In this case, it has been more than 90 days since plaintiff filed his complaint naming Clayton as a defendant, and the Court has attempted service twice without success.  As noted above, Rule 4(m) of the Federal Rules of Civil Procedure provides that the Court, after notice to a plaintiff, shall dismiss an action against any defendant upon whom service has not been timely made.  In light of plaintiff's status as a self-represented and *in forma pauperis* litigant, he will be given the opportunity to provide the Court with adequate information such that Clayton may be timely served under Rule 4(m).  Plaintiff's response to the Court is due no later than twenty-one (21) days from the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **twenty-one (21) days** from the date of this Order, plaintiff shall provide the Court with adequate information such that defendant Casey Clayton may be served with process.

2

**IT IS FURTHER ORDERED** that, in the absence of good cause shown, plaintiff's failure to timely respond to this Order shall result in the dismissal of defendant Casey Clayton from this cause of action, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 21st day of July, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**